No. 72.—Charles W. Christian, plaintiff in error, *vs.* William Penn, defendant in error.*

[1.] A former recovery between the same parties, although not an absolute bar to another suit, may, nevertheless, be *conclusive* upon some of the matters involved in the present action.†

[2.] Fraud and damage constitute a good cause of action, and the party establishing them by proof, will be entitled to recover to the extent that he has been injured.

Case for deceit, in Chattooga Superior Court. Tried before Judge Wright, April Term, 1849.

Charles W. Christian brought an action on the case for deceit against William Penn, alleging that plaintiff and one Nathaniel Duncan, being copartners in the business of merchandize, on 19th March, 1838, Penn fraudulently procured Duncan to sign the firm name to a promissory note for four hundred dollars, the consideration for a tract of land sold to Duncan individually, without the knowledge or consent of plaintiff, which note plaintiff had been compelled to pay—Duncan being insolvent. Other counts charged substantially the same deceit.

To this, defendant pleaded the general issue and a former recovery.

On the trial, there was in evidence an exemplification of the proceedings in a suit by *William Penn vs. Duncan & Christian*, in Elbert Superior Court, on the note referred to in the declaration. By this it appeared that, to that suit Christian pleaded—

1st. *Non est factum.*

2d. That the note sued on was made by Duncan in a transaction unconnected with any of the partnership business, which was well known by Penn at the time.

The presiding Judge held, that the plea of former recovery was sustained by the record produced, and was a bar to the present action, and awarded a nonsuit.

To this decision Christian excepted.

---

*This cause, upon another question, was before the Supreme Court, and their decision is reported in 5 *Ga. Rep.* 482.—[Rep.]

†See ante, *Adm'rs of McFarland vs. Adm'rs of Freeman;* also, *Ezzell vs. Maltbie & Wynn,* 6 *Ga. Rep.* 495.—[Rep.]

W. H. UNDERWOOD, for plaintiff in error.

W. AKIN, for defendant.

*By the Court.*—LUMPKIN, J, delivering the opinion.

[1.] We are compelled to reverse the judgment of the Circuit Court, believing, as we do, that the plea of former recovery is not sustained by the record from Elbert County. It is *conclusive* as far as it goes; but there is a new element in this case, which was not involved in the issue there, to wit: that of fraud. Whether a new trial can avail the plaintiff any thing with the opinion of this Court, upon the force and effect of the former proceeding between these parties, it is for the plaintiff, and not for us, to determine. We shall remand the cause with the following instructions : that is—

1. It is the opinion of this Court, and it so adjudges, that the record from Elbert Superior Court is not an absolute bar to the present action.

2. That the former recovery in Elbert County, establishes conclusively, 1st, that Duncan & Christian were partners at the time the note there sued on was given; and 2d, that the said note was given in a transaction connected with the partnership of Duncan & Christian, and in a matter in which Duncan had a right to bind Christian, and that no evidence is admissible which goes to contradict or gainsay this finding.

[2.] 3. If the plaintiff can show fraud in the conduct of Penn, aside from the foregoing facts, and that he has been injured thereby, he will be entitled to recover to the extent of the damage he has sustained.